WILLIAMS et al. v. LATTIMER et al.

No. 2378.

Court of Civil Appeals of Texas.
Eastland.

May 28, 1943.

Rehearing Denied June 25, 1943.

R. L. Thompson, J. A. Johnson, and C. O. McMillan, all of Stephenville, for appellants.

Williamson & Nordyke, of Stephenville, for appellees.

FUNDERBURK, Justice.

This is a suit to construe the will of Mrs. Cornelia M. Fulfer, deceased, and to partition property passing by such will. This is the second appeal of the case. A full statement of the case, as presented in the former appeal and upon which some of the issues arise in the present appeal, is fully set out in the opinion of Chief Justice Leslie in 160 S.W.2d 87, and need not be repeated.

The case was tried the second time upon amended pleadings, which added a third count in which plaintiff, Mrs. Pearl O. Williams, sought recovery of $278.47, Gwendolyn Williams $83.89, and Dale Garrison $129.45, alleged to have been paid and applied upon debts of Mrs. Cornelia Fulfer under an alleged agreement claimed to have been breached by the latter.

In said third count, Oscar Williams asserted claim for compensation, in the sum of $300, for alleged services rendered under a power of attorney connected with the agreement mentioned in the preceding paragraph and which were claimed to be due as the result of said breach of the agreement.

In a non-jury trial the court gave judgment against the plaintiffs upon the construction of the will, and also upon said money demands against the Estate of Cornelia Fulfer. The Court also gave judgment in favor of defendant, R. T. Fulfer, upon his cross action for partition, denying him recovery, however, upon a money demand against the plaintiffs for reimbursement for moneys expended by him for their joint interest.

The plaintiffs have appealed.

Points 1 and 2 upon which the appeal is predicated present the same question regarding the proper construction of the will as presented and determined in the other appeal. We, at that time, gave the case careful consideration both on the original

submission and upon the motion for rehearing. Nothing new is advanced which seems to us to require a different conclusion, and we, therefore, regard the questions presented by these points as having been determined by our former opinion.

Appellants' 3rd and 4th points are as follows:

"The error of the trial court in denying Plaintiffs any recovery for money paid out for the Estate of Cornelia M. Fulfer, deceased."

"The error of the trial court in denying Plaintiff, Oscar Williams, any recovery for services rendered to Cornelia M. Fulfer, deceased, during her life time."

■ The true nature of the claims involved in these points is, we think, very uncertainly reflected by plaintiffs' pleadings or by the record. It seems, however, that in all events their validity is dependent upon a contract to which plaintiffs were the parties of one part and Mrs. Cornelia Fulfer of the other. In our opinion, no such contract was proved, at least not conclusively so, as would be necessary in order to entitle plaintiffs to judgment notwithstanding the findings implied in the court's rendition of judgment against them.

Plaintiffs' pleading alleged the date of the contract to be on or about the 18th day of July, 1936, and alleged that the parties to the contract were the plaintiffs, and Curtis Fulfer, R. T. Fulfer, Mrs. Nannie Lattimer, and "other children and heirs at law of Cornelia M. Fulfer"; but does not name Mrs. Cornelia Fulfer as a party. The latter's connection with, or relation to, the contract was alleged as follows: "that as a part of said agreement and material to the execution thereof by each person agreeing thereto, the said Cornelia M. Fulfer made and executed a will," etc. It is further alleged that "in keeping with said agreement and contract and as part thereof and in order to secure a full performance, Mrs. Cornelia M. Fulfer, who was then living, and her children * * * [naming them] executed a power of attorney to Oscar Williams," etc.

■ The theory of recovery must have been the alleged breach of a contract to devise land by will. If it be assumed that such was the nature of the contract alleged, the briefs do not point out evidence conclusively establishing either the fact of the existence of such contract, or its effects as alleged, or of its breach. The will itself,

or the several wills, constituted alone no evidence of a contract to devise by will. The payment of indebtedness by plaintiffs mentioned in the wills does not show an agreement or promise to make such payments as would no doubt be necessary to constitute a consideration sufficient to support the agreement. So far as appears from the will or wills, such provisions were simply conditions attached to the devises therein declared. If so, then plaintiffs' rights were dependent upon making the payments and not merely a part thereof. It was not conclusively established, according to any evidence brought to our attention, that the payments and/or services were not rendered under conditions requiring them to be held as voluntary.

It is, therefore, our conclusion that no error is shown in the judgment, and that it should be affirmed.

It is accordingly so ordered.